FILED
2019 Dec-17  AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ALABAMA**
**Southern Division**

| | |
|---|---|
| Paul McAnally, Christopher Todd Clark Jr., and Blaine Simmons, individually and on behalf of similarly situated employees. | ) ) ) ) |
| Plaintiffs. | ) ) |
| vs. | )     Case No. 19-cv-_____-_____ ) |
| Alabama Plumbing Contractor LLC, Brent Vacarella, Vicky Vacarella, Greg Johnson and Josh Martin. | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, 1343(k), 29 USCA § 206, 207, 216, et seq., 29 U.S.C. § 1132 and/or by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2. This is a suit authorized and instituted pursuant to §§ 201- 219, et seq., as amended (29 USCA §§ 201-219) of the Fair Labor Standards Act (hereinafter "the FLSA" to recover unpaid wages, liquidated damages, attorney fees, pre-judgment interest, costs, expenses and all other damages that the Plaintiff is entitled to under the FLSA.

3. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FLSA for injunctive and other compensatory relief.

4. The Plaintiff and similarly situated employees are covered under the FLSA and Defendant Alabama Plumbing Contractor LLC (hereinafter "APC") is an employer covered under the FLSA in that APC conducted and operated a business which engages in activities which constitute interstate commerce as it has been defined under well-established federal law for decades.

5. APC is an Alabama LLC which  utilizes goods and products which were manufactured and/or distributed from other states, has contracted with vendors, contractors and/or companies from

other states and/or has otherwise engaged in numerous activities which constitute interstate commerce, communicated with vendors  and/or done business among and/or with companies, vendors, manufacturers outside of Alabama.

6.      APC is a company which does commercial plumbing as a subcontractor and/or plumbing contractor for general contractors and/or companies in the state of Alabama and has its principal place of business in Shelby County, Alabama.

7.      Venue is proper in the United States Northern District Court of Alabama, Southern Division.

## Parties

8.      The Plaintiff, Paul McAnally (hereinafter "McAnally"), is an adult citizen of the United States and a resident of Shelby County, Alabama.

9.      The Plaintiff, Christopher Todd Clark, Jr. (hereinafter "Clark"), is an adult citizen of the United States and a resident of Shelby County, Alabama.

10.     The Plaintiff, Blaine Simmons (hereinafter "Simmons"), is an adult citizen of the United States and a resident of Shelby County, Alabama.

11.     McAnally, Clark and Simmons (hereinafter "Plaintiffs" collectively) bring this lawsuit on their individual behalf and on behalf of similarly situated employees.

12.     The Defendant, Alabama Plumbing Contractor LLC (APC) is an Alabama Limited Liability Company that is a plumbing contractor.

13.     Based upon information and belief and a review of Alabama public records available on line, Defendants Brent Vacarella and Vicky Vacarella are two of the owners and members of APC. Charles Vacarella is also listed as a member.

14.     At all times stated herein, Brent Vacarella and Vicky Vacarella were and/or are involved in the day to day operations and management of APC and as such, is also an employer as defined by the FLSA. At this time, the Plaintiffs do not know if Charles Vacarella had any knowledge of the acts and or omissions of APC so he has not been personally named as a Defendant at this time.

15.     Two other individuals, based on information and belief, are also owners and/or members of APC, namely Greg Johnson and Josh Martin. Both Johnson and Martin were and are involved in the

day to day operations and management of APC and as such, are also employers as defined by the FLSA.

16.     Defendants Brent Vacarella, Vicky Vacarella,  Johnson and Martin exercised control of the Plaintiffs and similarly situated employees by and through their decisions regarding compliance with the FLSA, the Portal to Portal Act and failing and/or refusing to pay the Plaintiffs and similarly situated employees minimum wage and/or overtime for being required to report to the Defendants' shop to get parts and tools in the morning, their travel time outside of the allowed commuting areas area and for travel time to and from jobsites, travel time from the Defendant's shop to and from jobsites and/or work performed in the morning and/or afternoon at the shop.

## Facts

17.     At all relevant times herein, the Plaintiffs and other similarly situated individuals were employees, as defined by the FLSA, for their employer APC, Brent Vacarella, Vicky Vacarella, Johnson and Martin.(hereinafter the "Defendants" when used collectively).

18.     McAnally worked as a plumber for the Defendant at all relevant times herein, has been an employee for over three years and is a current employee of the Defendants.

19.     Clark and Simmons worked as a plumber's apprentice or assistant for more than the past three years for the Defendants.

20.     The Plaintiffs and similarly situated employees were classified as  "non-exempt" employees pursuant to the FLSA and were paid by the hour.

21.     At all relevant times herein up until March 2019, the Defendants had a strict policy that the Plaintiffs and other similarly situated employees were required to report to the shop in the morning to pick up equipment, tools, supplies and parts, to pick up parts from the plumbing store and/or to pick up the company plumbing trucks from the shop located in Shelby County before driving to the job sites and to return the trucks back to the shop at the end of the day.

22.     If extenuating and/or special circumstances existed due to the Plaintiffs and/or other similarly situated employees such as working really late or having to be at the jobsite really early the next day, there were exceptions to this policy/rule and the Plaintiffs and/or similarly situated

employees would be permitted to drive the company truck home for the night rather than taking the truck back to the shop.

23.     The plumbing trucks contained all of the Plaintiffs and similarly situated employees' tools and parts and the trucks were needed in order to do their job at various jobsites.

24.     The Plaintiffs and similarly situated employees would also be required to stop by a plumbing store to pick up parts and other supplies needed for the jobs they were performing for the Defendants.

25.     The Defendants failed and/or refused to pay for the time for the Plaintiffs and other similarly situated employees to get parts from the shop in the morning, to pick up parts from the plumbing store and/or to drive from the shop to the plumbing supplier and/or jobsites in the morning and from the jobsites at the end of the day back to the shop.

26.     Many of the jobs that the Plaintiffs and/or similarly situated employees were required to drive to and/or from were located well outside Shelby County area as far as Huntsville, Montgomery, Tuscaloosa, Decatur, Talladega, etc. and the Plaintiffs and similarly situated hourly employees that had to drive from the shop (or their homes) to the jobsites were not paid minimum wage and/or overtime for their travel time.

27.     The Plaintiffs and other similarly situated employees worked an average of 10 to 20 hours per week (depending on the location of the jobsite) driving to and/or from the Defendants' shop to and/or from jobsites both within and outside the greater Birmingham area, getting parts at the shop needed for the job and/or driving to and from the plumbing supply store for which the Defendants failed and/or refused to pay minimum wage, their agreed upon hourly rate and/or overtime if the hours exceeded 40 hours per week.

28.     Defendants Brent Vacarella, Vicky Vacarella, Johnson and Martin knew and/or should have known based on the Code of Federal Regulations and 11th Circuit case law that the plumbers that were required to pick up and drop off their trucks at the beginning and end of the work day were required to be paid for their time traveling to and/or from the shop and the jobsites, to be paid to

report to the shop to get parts and supplies in the morning and/or to pick up supplies and parts from the plumbing supply store.

29.     The Defendants all had actual knowledge that the timesheets submitted by the Plaintiffs and similarly situated employees did not include their travel time to and from the shop and jobsites or their time to get parts and supplies from the shop or the plumbing store.

30.     Defendant Brent Vacarella even told employees that they were not required to pay them for this time and told certain employees that APC was his company and he could do what he wanted to do.

31.     Defendant Vicky Vacarella prepared the weekly payroll for the Plaintiffs and similarly situated employees and knew that the employees were not getting paid as set out herein.

## Count I: Fair Labor Standards Act Violations

32.     The Plaintiffs incorporate by reference the preceding allegations of this Complaint.

33.     As detailed in the above statements of facts, the Plaintiffs and similarly situated employees worked in excess of forty hours per week and were not paid overtime pursuant to the FLSA and/or were not paid minimum wage for travel time in the company trucks to and/or from the shop and jobsites in the company trucks and/or for traveling to remote distances in their own vehicles and/or company trucks which were outside the general commuting area of the Defendants' shop and not subject to the Portal to Portal Act commuting exceptions, for not paying time to report to the shop to obtain parts and supplies and/or for going to the plumbing supply store to pick up parts and supplied needed to perform their jobs.

34.     The Defendants knew that the Plaintiffs and similarly situated employees were not getting paid minimum wage, their agreed upon contractual amount and/or overtime for being required to report to the shop in the morning, for their time getting parts and supplies from the shop, for being required to go to the plumbing supply store to purchase parts and supplies and/or for travel time in the company trucks to and/or from the Defendants' shop and jobsites.

35.     The Defendants are liable under the FLSA to pay the Plaintiffs and similarly situated employees for the agreed upon hourly rate and/or minimum wage and/or at the rate of 1.5 times the

customary hourly rate for the hours that the Plaintiffs and similarly situated employees worked in excess of 40 hours per week.

36.    As set out above in the statement of facts, APC and the other Defendants had actual knowledge that APC was not paying the Plaintiffs and similarly situated employees for their travel time to and/or from the shop and jobsites in company trucks and Defendants conduct in failing to pay the Plaintiffs and similarly situated employees overtime wages was willful and the Plaintiffs and similarly situated employees are due to be paid liquidated damages.

**Prayer for Relief**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request this Court to assume jurisdiction of this matter and award the Plaintiffs and similarly situated employees the following damages and relief:

A.   Grant the Plaintiffs and similarly situated employees an order requiring the Defendants to make the Plaintiffs and similarly situated employees whole by granting any and all relief available under the FLSA, other federal and/or state law, whether specifically pled or not, and including, but not limited to: injunctive relief, appropriate declaratory relief, back pay, compensatory damages, liquidated damages, pre-judgment interest, damages, etc.

B.   Grant the Plaintiffs and similarly situated employees a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants from continuing to violate the FLSA;

C.   Award the Plaintiffs and any similarly situated employees attorney's fees, costs and expenses; and

D.   The Plaintiffs pray for such other, further or different relief as justice may require and/or which they and/or similarly situated employees are entitled to under either federal and/or state laws, whether specifically pled or not.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

/s/ Scott Harwell

Scott Harwell (HAR198)
Counsel for the Plaintiff

**OF COUNSEL:**
HARWELL LAW FIRM LLC
109 Foothills Parkway #112
Chelsea, AL 35043
(205) 999-1099
Scott@HarwellLaw.com