UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL McANALLY, et. al, | } |
| | } |
| Plaintiffs, | } |
| | } |
| v. | } Case No.: 2:19-CV-2033-RDP |
| | } |
| ALABAMA PLUMBING | } |
| CONTRACTOR LLC, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Doc. # 116). The motion is briefed (Doc. # 116, 125) and ripe for decision. For the reasons provided below, the motion is due to be denied.

**I.     Background**

This case is set for trial beginning on February 7, 2022. (Doc. # 105). The deadline for dispositive motions was March 12, 2021. (Doc. # 65). Fourteen days before trial, Defendants filed the current motion entitled "Motion to Dismiss Action for Lack of Subject-Matter Jurisdiction."[1] (Doc. # 116). As Defendants' arguments are predicated on the presentation of this case, going all the way back to the filing of the original complaint, the court details the procedural posture of the action.

On December 16, 2019, Plaintiffs McAnally, Clark, and Blaine Simmons filed this action "individually and on behalf of similarly situated employees." (Doc. # 1). The complaint contained

---

[1] In the Pretrial Order and the parties' subsequent Joint Status Report, it is referenced that Defendants do not stipulate that all jurisdictional and procedural requirements have been met in this action; however, Defendants' counsel refused to provide Plaintiffs' counsel with the specifics to his position. (Docs. # 99 at 1-2; 100 at 3). It appears that Defendants are now willing to provide the specific argument fourteen days before trial.

only one count for violations of the Fair Labor Standards Act. (*Id.*). In their answer, Defendants raised statute of limitations as an affirmative defense and a general defense that "[e]ach Plaintiff has failed to meet conditions precedent to being a plaintiff in this civil action." (Doc. # 8 at 4).

On February 6, 2020, Plaintiffs filed their first attempt to certify the FLSA claim as a collective action. (Doc. # 12). The court denied the motion without prejudice explaining that the Plaintiffs had not provided any affidavit evidence (or any other evidence for that matter) to support the motion. (Doc. # 14 at 2-3). The court advised Plaintiffs that they could re-file their motion to certify a collective action at a later date; however, before doing so they were to consider applicable law and the court's guidance. (*Id.* at 3).

On February 12, 2020, Plaintiffs filed a motion to amend the complaint seeking to add a claim for retaliation. (Doc. # 15). The next day, the court granted the motion and ordered Plaintiffs to file an amended complaint by February 20, 2020. (Doc. # 16). However, Plaintiffs failed to file a first amended complaint. Plaintiffs' next motion was their second attempt to certify a collective action under the FLSA. (Doc. # 22). The court administratively terminated the second action and noted that Plaintiffs could re-file the motion if mediation was unsuccessful. (Doc. # 30).

Following the May 20, 2020 scheduling conference, the court ordered Plaintiffs to submit an amended complaint that complies with federal pleading standards. (Doc. # 24). Plaintiffs filed the Second Amended Complaint on May 26, 2020. (Doc. # 25). The Second Amended Complaint named McAnally, Clark, and Blaine Simmons "individually and on behalf of similarly situated employees." (*Id.* at 1). The Second Amended Complaint contained two counts: (1) Plaintiffs' FLSA claims and (2) McAnally's retaliation claim. (*Id.* at 5-7). Again, in their answer, Defendants included the statute-of-limitations defense and the general defense that Plaintiffs failed to meet conditions precedent. (Doc. # 29 at 4-5).

The motion practice continued on June 23, 2020: Plaintiffs filed a second motion to amend the complaint (Doc. # 31) and a third motion to certify an FLSA collective action. (Doc. # 32). The court granted the motion to amend the complaint, but it administratively terminated the motion to certify an FLSA collective action because the parties had not participated in mediation (the same rationale for administratively terminating the second motion to certify an FLSA collective action). (Doc. # 33). The Third Amended Complaint added Plaintiffs Kirby and Hoffman "individually and on behalf of similarly situated employees" as named parties as well as a breach of contract claim. (Doc. # 37 at 1, 7-8). Defendants responded by filing a partial motion to dismiss and answer. (Doc. # 38). After a telephonic conference, the court denied the partial motion to dismiss and ordered Defendants to file an amended answer. (Doc. # 40). In the Amended Answer, Defendants continued to assert the affirmative defense of statutes of limitations as well as their conditions precedent defense. (Doc. # 41 at 5).

On August 14, 2020, for the fourth time, Plaintiffs filed a motion to amend the complaint and subsequently corrected that motion.[2] (Docs. # 44, 48). The court granted the fourth motion to amend the complaint, stayed the action until the conclusion of mediation, and ordered counsel (because of acrimony that existed between them) to engage in a socially-distanced lunch. (Doc. # 51). The Fourth Amended Complaint added Allen Simmons as a plaintiff "individually and on behalf of similarly situated employees."[3] (Doc. # 52 at 1). Despite the stay of the action, Plaintiffs filed still another motion to amend the complaint (to name Dallas Gray as an additional plaintiff); the court denied the motion without prejudice in light of the stay. (Docs. # 55, 56).

---

[2] The court noted that many of the parties' motions did not comply with Section 24(b) of the court's Initial Order and counseled the parties that subsequent motions may be denied for failure to abide by the court's directions. (Doc. # 49). Unfortunately, this would not be the last time in this case that the parties overlooked instructions in the court's orders. (*See* Doc. # 120).

[3] Allen Simmons was later dismissed from the action. (*See* Docs. # 70, 71).

3

On November 9, 2020, Plaintiffs filed a third motion to certify an FLSA collective Action, which Plaintiffs subsequently amended on December 14, 2020. (Docs. # 57, 64). The court denied the motion because Plaintiffs had not satisfied their burden to show a reasonable basis that other employees were interested in participating in this litigation (other than Dallas Gray). (Doc. # 93 at 10-12). The court granted leave for Plaintiffs to name Dallas Gray as an additional plaintiff, though no pleading was filed on his behalf. (Doc. # 93 at 12).

On August 24, 2021, Plaintiffs filed their final motion attempting to name still an additional plaintiff. (Doc. # 102). The court denied the motion explaining that the deadline for Plaintiffs to join additional parties was July 30, 2020; discovery had concluded; the parties had participated in a pretrial conference; the pretrial order had been entered; and Defendants would be unduly prejudiced by the belated joinder of an additional plaintiff. (Doc. # 103).

Defendants present two arguments in their motion. First, Defendants argue that Plaintiffs' FLSA claims should be dismissed for lack of standing by invoking the case-or-controversy requirement in Article III section 2 of the Constitution. (Doc. # 116 at 4-5). While a standing defense is considered a motion to dismiss for lack of subject-matter jurisdiction, a statute-of-limitation argument is more aptly characterized as an affirmative defense or a motion to dismiss for failure to state a claim upon which relief can be granted. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) (standing as subject-matter-jurisdiction argument); *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019) (quoting *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977) (statute of limitation as Rule 12(b)(6) argument). After careful review, the court concludes that both arguments miss the mark.

Second, they contend that Plaintiffs' FLSA claims should be dismissed based upon the applicable statute of limitations. To determine the statute of limitations in an FLSA action, Defendants compare sections 255(a) and 256. (Doc. # 116 at 3-4). Section 255(a) provides:

> An action … may be commenced within two years after the cause of action accrued … except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a). And, section 256 provides:

> In determining when an action is commenced for the purposes of section 255 of this title, an action … shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938 … it shall be considered to be commenced in the case of any individual claimant--
>
>> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

## II.   Standard of Review

The court notes that the mechanism by which Defendants attempt to dismiss the action is unclear. First, while Defendants ask the court to dismiss the case as a whole, they ignore Plaintiff Hoffman's breach of contract claim. Second, and more importantly, Defendants entitle their filing "Motion to Dismiss Action for Lack of Subject-Matter Jurisdiction," but the entirety of their first argument section appears to be premised on what they say is the FLSA's interplay between filing a written consent and the applicable statute of limitations[4] in a collective action, which is clearly

---

[4] Although Defendants included a statute of limitation defense in each of their answers, until now they did not file a related motion to dismiss before the dispositive motion deadline, which was ten months before they filed the current motion. (*See* Doc. # 65). At best, the court could consider a statute-of-limitations argument as a Rule 12(c) motion. *Whitehurst v. Wal-Mart Stores East, L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) (reasoning that a Rule 12(b)(6) defense raised in the answer but not filed as a motion before the answer can be construed as a Rule 12(c)

5

not a basis to dismiss an action for lack of subject-matter jurisdiction. *See My24HourNews.com, Inc.*, 791 F. App'x at 802 (quoting *Mann*, 556 F.2d at 293). In addition, their statute-of-limitations contentions are wholly unmoored to any suggestion or argument as to what standard of review applies here.

A motion to dismiss for lack of standing is brought under Federal Rule of Civil Procedure 12(b)(1). *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 807 n.8 (11th Cir. 1993). The jurisdiction of the federal court may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When a facial challenge is presented, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks, on the other hand, "challenge the 'existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citation omitted). Regardless of whether a challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)).

**III.    Analysis**

According to the Pretrial Order, the plaintiffs in this action are Paul McAnally, Christopher Todd Clark, Jr., Blaine Simmons, Jason Kirby, Donnie Hoffman, and Daniel Simmons. (Doc. # 99 at 1). Each Plaintiff asserts a claim for violations of the Fair Labor Standards Act; Hoffman

---

motion). However, that construction does not address the fact that the current motion was filed ten months after the dispositive motion deadline (and is arguably untimely under Rule 12(c) itself because it was not filed early enough to avoid the delay of the trial).

asserts an additional claim for breach of contract; and McAnally asserts an additional claim for retaliatory constructive discharge under the FLSA. (*Id.*). For the reasons stated below, the court concludes that Plaintiffs have met all the jurisdictional and procedural requirements for this action to proceed to trial.

First (and putting aside the lack of timeliness of Defendants' motion), and as the court made clear in its April 29, 2021 Memorandum Opinion, this case is not an FLSA collective action. (*See* Doc. # 93). Rather, each named Plaintiff has brought an *individual* FLSA claim against Defendants. (*See* Docs. # 1, 52). If Defendants are questioning the propriety of six plaintiffs asserting individual claims within the same complaint, they need not look further than Federal Rule of Civil Procedure 20(a)(1):

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
>    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>    (B) any question of law or fact common to all plaintiffs will arise in the action.

F. R. Civ. P. 20(a)(1). The court has subject-matter jurisdiction to hear the individual FLSA claims and McAnally's FLSA retaliation claim under 28 U.S.C. § 1331 (federal question jurisdiction). And, the court has subject-matter jurisdiction to hear Hoffman's breach of contract claims under 28 U.S.C. 1367 (supplemental jurisdiction).[5]

Second, even if this case were a collective action (and, to be clear, it is not), the Fair Labor Standards Act provides: "No employee shall be a party plaintiff to any such action unless he gives

---

[5] Plaintiffs' FLSA claims, which are their anchor theory of recovery, present a federal question. That supplies this court with subject-matter jurisdiction, and the exceptions to supplemental jurisdiction in § 1367(b) do not apply. And, the court sees no reason to decline supplemental jurisdiction pursuant to § 1367(c).

7

his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Defendants argue that the named Plaintiffs are subject to the consent-form requirement and rely on the Seventh Circuit's opinion in *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099 (7th Cir. 2004), to support their contention. (Doc. # 116 at 3). However, the Eleventh Circuit interprets this provision as applying *only* to opt-in plaintiffs. *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018). As the *Mickles* panel further elaborated:

> Looking to the FLSA collective action statute, we discern two requirements. The first is a requirement of the named plaintiff—she must file on behalf of herself and "other 'similarly situated' employees." The second is a requirement of the opt-in employee—she must give her "consent in writing to become such a party and such consent [must be] filed in the court in which such action is brought."

*Id.* (citing 29 U.S.C. § 216(b)) (internal citation omitted). Defendants contend *Mickles* supports their argument. It does not. In fact, when the Seventh Circuit last discussed its rule that a named plaintiff must file a consent form separate from the complaint to be entitled to proceed as a party in a collective action, that court (1) noted a circuit split exists on the issue and (2) further acknowledged that the Eleventh Circuit is on the other side of the split (*i.e.*, that our circuit in *Mickles* did not require the named plaintiff to file a separate written consent).[6] *Smith v. Professional Transportation, Inc.*, 5 F.4th 700, 703-04 (7th Cir. 2021). The court need not remind Defendants that when there is in fact a circuit split on an issue, this court is "bound by controlling *Eleventh Circuit* precedent." *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990) (emphasis in original).

---

[6] Defendants also cite *Robinson v. Sailormen, Inc.*, No. 1:14CV44-MW/GRJ, 2016 WL 11528450 at *2 (N.D. Fla. Nov. 18, 2016), in support of this argument. To whatever extent *Robinson* supports Defendants' argument, it was decided two years before the Eleventh Circuit's decision in *Mickles*.

This action was commenced on December 16, 2019. Defendants have not stated a date on which they believe the statute of limitations ran, and Plaintiffs were not required to file a written consent (apart from the complaint or the amended complaints) in order to maintain their individual claims under the FLSA, the court concludes that Defendants' motion is without merit.

## IV.    Conclusion

Both Defendants' arguments are premised on their assertion that this case is an FLSA collective action. But, that assertion misses the mark. Therefore, both Defendants' statute-of-limitation argument and standing argument are without merit. Defendants' Motion to Dismiss (Doc. # 116) is due to be denied.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this February 7, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE