UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL MCANALLY, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:19-cv-02033-RDP |
| } | |
| ALABAMA PLUMBING CONTRACTOR } | |
| LLC, et al., } | |
| } | |
| Defendants. } | |

# MEMORANDUM OPINION

This case is before the court on Defendants' Motion for Summary Judgment filed in *May v. Alabama Plumbing Contractor LLC, et al.* (Case No. 2:21-cv-01176-RDP Doc. # 36). Before filing his own claim against APC in the *May* action, Plaintiff May originally sought to be added as a Plaintiff in this case. (Doc. # 102). More recently, May moved to consolidate his case with this case for purposes of trial. (Case No. 2:21-cv-01176-RDP Doc. # 31). Therefore, by agreement of the parties (Docs. # 148, 156 – 159; *see also* Case No. 2:21-cv-01176-RDP Docs. # 36, 43, 44), this case and the *May* case are being considered together for purposes of Defendants' Motion for Summary Judgment even though such a motion was only filed in the *May* case.[1] Indeed, pursuant to the court's Order Regarding Rule 56(f), although Defendants' Motion was only filed in *May*, Plaintiffs filed their responsive brief in both cases, and Defendants filed their reply brief in both cases. And, to be clear, the responsive and the reply briefs filed in both cases address Plaintiff

---

[1] Although this is obviously not the usual course of proceedings when a Rule 56 Motion is presented to a court, the parties met with the court at the pre-trial conference and acknowledged that the same legal and factual issues apply to both this case and the *May* case. Therefore, the court entered an Order Regarding Rule 56(f) (Doc. # 148), which informed the parties that it would consider the arguments made in Defendants' Motion for Summary Judgment in *May* in relation to Plaintiffs' claims in this case as well.

McAnally's FLSA retaliation claim and Plaintiff's Hoffman's breach of contract claim, both of which were only asserted in this case.

I.     **Relevant Undisputed Facts**[2]

The undisputed facts relevant to Plaintiffs' FLSA claims are set forth in the Memorandum Opinion entered in the *May* case on February 13, 2023 (Case No. 2:21-cv-01176-RDP Doc. # 48), and in this court's previous memorandum opinion on Plaintiffs' Motion for Summary Judgment in this case (Doc. # 92). The court adopts and incorporates those relevant undisputed facts as set forth fully herein. The following are additional undisputed facts relevant to McAnally's retaliation claim and Hoffman's breach of contract claim.

APC plumbers turned in their time sheets either on a Friday or the following Monday and were paid on Tuesdays. (Doc. # 89-1 at 110-113). Plaintiff McAnally resigned his employment with APC after not receiving a paycheck as usual on a Tuesday. (Doc. # 95-96, 108, 110-113). McAnally claims that the fact that he did not get paid on Tuesday the last week he worked was in retaliation for the filing of this lawsuit. (Doc. # 52 at 8). However, McAnally admits that he was told the reason his check was not ready was that he needed to correct his time sheet due to an error. (*Id*. at 95, 111-13). Plaintiff reviewed the timesheet, saw the error (*i.e.*, that he was an hour over on this timesheet), fixed it, and resubmitted the time sheet. (*Id*.). Plaintiff received his check for that same week – a day or two later than scheduled. (*Id*. at 112-13 ("Q: Your paycheck was supposed to be ready on Tuesday. There was an error on your daily timesheet. You fixed the error

---

[2] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

and resubmitted the Daily Work Sheet. When did you get that check? [] A: A day or two after the error, yes.")).

The Fourth Amended Complaint contains a breach of contract claim, which reads as follows:

> 59. The Defendants and the Plaintiffs and similarly situated employees had a contract for the Defendant to pay the Plaintiffs an hourly rate for work.
>
> 60. The Defendants breached its contract with the Plaintiffs by failing to pay the Plaintiffs for all of the time the Plaintiffs worked for the Defendant.

(Doc. # 52 at 8).

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(c). The moving party must show the court that there is a basis for granting summary judgment, as well as point to the evidence contained in the pleadings that demonstrates an absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When the movant has met its burden, Rule 56 requires the non-moving party to highlight specific facts beyond the pleadings (such as affidavits, depositions, interrogatory answers, or admissions on file) that show a genuine issue for trial. *See Id.* at 324.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (citing U.*S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir.1991) (*en banc*). If the moving party bears the burden of proof at trial,

then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact; *i.e.*, facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

In making a determination as to which facts are material, a court is guided by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any reasonable doubts about the facts, or any justifiable inferences derived therefrom, are resolved in favor of the non-moving party. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). A dispute exists when "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson*, 477 U.S. at 248.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Thus, a court's inquiry in a Rule 56 motion is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

**III.    Analysis**

The FLSA requires covered employers to pay non-exempt employees the minimum wage, 29 U.S.C. § 206(a), and overtime pay for hours worked in excess of forty per workweek, *id*. §

207(a)(1). Plaintiffs have not argued that Defendants failed to pay them the minimum wage. (Doc. # 1).

Pursuant to § 207 of the FLSA, "an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). "A person is employed if he or she is suffered or permitted to work." *Id.* (citing 29 U.S.C. § 203(g)).

The Portal–to–Portal Act, 29 U.S.C. § 254(a), exempts certain activities from compensation under the FLSA. An employer is not required to pay an employee for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a). That is, under the Portal-to-Portal Act, "[a]n employer is not required to pay an employee for (1) 'traveling to and from the actual place of performance of the principal activity or activities which [the] employee is employed to perform' or (2) 'activities which are preliminary or postliminary to [the employee's] principal activity or activities.'" *Meeks v. Pasco Cty. Sheriff*, 688 Fed. Appx. 714, 716 (11th Cir. 2017) (citing 29 U.S.C. § 254(a)).

A.     **Plaintiffs' FLSA Overtime Claim**

Plaintiffs allege that they "and similarly situated employees worked in excess of forty hours per week and were not paid overtime pursuant to the FLSA [] for travel time in the company trucks to and/or from the shop and jobsites in the company trucks and/or for traveling to remote distances in their own vehicles and/or company trucks which were outside the general commuting area of the Defendants' shop and not subject to the Portal to Portal Act commuting exceptions." (Doc. # 52 at ¶ 46). Defendant argues that the time Plaintiffs claim is compensable is actually not compensable work under the Portal–to–Portal Act. (Case No. 2:21-cv-01176-RDP Doc. # 37 at 23-25).

The merits of Plaintiffs' FLSA overtime claim in this case turn on whether the time for which they contend they should receive overtime compensation was devoted to performing principal activities – that is, activities that are integral and indispensable. "The term 'principal activity or activities' in Section 4 [of the Portal-to-Portal Act] embraces all activities which are an 'integral and indispensable part of the principal activities'" that the employee is employed to perform. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29-30 (2005); *see also Llorca v. Sheriff, Collier Cty., Fla.*, 893 F.3d 1319, 1324 (11th Cir. 2018) ("The integral and indispensable test is tied to the productive work that the employee is employed to perform.").

An activity is only "integral and indispensable" to the performance of an employee's principal activities if "it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 37 (2014). In other words, "an activity is 'indispensable' to another, principal activity

6

only when an employee could not dispense with it without impairing his ability to perform the principal activity safely and effectively." *Id.* at 520 (Sotomayor & Kagan, JJ., concurring).

The determination of whether an activity is "integral and indispensable" is "fact-intensive" and "not amenable to bright-line rules." *Llorca*, 893 F.3d at 1324; *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("The statutory language of the exemptions does not allow for a clean analytical distinction between those activities that are 'integral and indispensable' and those that are not."). "[W]hether a particular set of facts and circumstances is compensable under the FLSA is a question of law for the Court to decide." *Llorca*, 893 F.3d at 1324 (citing *Dade Cty. v. Alvarez*, 124 F.3d 1380, 1383 (11th Cir. 1997)).

Here, Plaintiffs claim that Defendants violated the FLSA by not paying them for time spent commuting between APC's shop and the job sites. Plaintiffs assert that Defendant's Motion for Summary Judgment is due to be denied because the travel time was "integral and indispensable" to the performance of the plumbers' job.

"The plain language of § 254(a)(1) indicates that commute time is generally not compensable." *Llorca*, 893 F. 3d at 1326. Regardless of what the Department of Labor's regulations interpreting the FLSA say, the Eleventh Circuit has determined more recently that "the fact that an employer requires or benefits from the activity at issue does not establish that the activity is integral and indispensable." *Id.*; *see also Shearer v. Edger Associates, Inc.*, 2015 WL 9274928, at *4 (M.D. Fla. Dec. 18, 2015) (explaining that the "Supreme Court's recent decision in *Integrity Staffing Solutions v. Busk*, 135 S.Ct. 513 (2014), confirms that merely because an employer 'required' an employment activity is insufficient to remove it from reach of the Portal to Portal Act"). Nor does "the use of an employer-owned vehicle ... eliminate the distinction between

7

incidental or non-compensable travel and required or compensable travel," or the fact that "an employee's 'custom or practice' is to compensate employees for travel from home to work and back home.'" *Shearer*, 2015 WL 9274928, at *4.

Under binding precedent, "commuting time and other preliminary and postliminary activities are compensable only if they are *both* an integral *and* indispensable part of the principal activities." *Llorca*, 893 F.3d at 1324 (emphasis in original). "'[I]ndispensable' means a duty '[t]hat cannot be dispensed with, remitted, set aside, disregarded, or neglected.'" *Id*. (quoting *Integrity Staffing*, 135 S.Ct. at 517). APC no longer has a shop. So clearly, meeting at the shop before travelling to the jobsite was not an indispensable task. Moreover, as this court has stated before in this case,

> There is Rule 56 evidence that approximately half of the company's plumbers and assistants did not [report to the shop] but rather traveled directly from their homes to the jobsites. The fact that half of the similarly situated employees did not meet at and return to the shop indicates that doing so was not an "'integral and indispensable part of the principal activities'" that the plumbers and assistants were employed to perform.

(Doc. # 92 at 10). Both law and logic lead to this inescapable conclusion: a task that some of the plumbers were not required to perform (or that they chose not to perform) cannot be an indispensable part of the plumbers' principal activities. Therefore, Defendants are correct that the time that Plaintiffs seek to be compensated for is not compensable work under the Portal–to–Portal Act.

  **B.**  **McAnally's FLSA Retaliation Claim**

McAnally claims that Defendants retaliated against him for filing this lawsuit by withholding his pay. (Doc. # 52 at 8). Plaintiff McAnally resigned his employment with APC after not receiving a paycheck as usual on a Tuesday. (Doc. # 95-96, 108, 110-113). Although Plaintiff

8

did not receive his check on Tuesday, he received it the same week, after he corrected an error on that week's time sheet. (*Id*. at 112-13 ("A day or two after the error, yes.")).

"[T]he elements and the burden-shifting paradigm for a claim of retaliation under the FLSA and Title VII are substantively identical." *Mahone v. BBG Specialty Foods, Inc*., 2018 WL 1526336, at *14 (M.D. Ala. Mar. 28, 2018). As the Eleventh Circuit has noted:

> The FLSA protects persons against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3). A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997). If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext. *See id*. In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights. *See Reich v. Davis*, 50 F.3d 962, 965-66 (11th Cir. 1995).

*Wolf v. Coca-Cola Co*., 200 F.3d 1337, 1342-43 (11th Cir. 2000).

To satisfy the second element of his prima facie case, McAnally must show he "suffered [an] adverse action by the employer." *Wolf*, 200 F.3d at 1343. However, "not just any adverse action will do; to be adverse, an action taken by an employer must be material." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019). To show materiality, a plaintiff must demonstrate that the employer's conduct caused an injury or harm that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id*. (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)) (internal quotation marks omitted).[3] The "standard for judging harm [is] objective," and the court must consider the "reaction of a reasonable employee" faced with the same circumstances. *Burlington*, 548 U.S. at 67–68

---

[3] In *Smith*, an FLSA case, the Eleventh Circuit relied on language from cases arising under Title VII and explained that "courts have often relied on Title VII retaliation cases when assessing whether conduct constitutes adverse action under the FLSA." 940 F.3d at 649 n.6.

9

(objectivity is necessary "to avoid the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings").

In evaluating whether an adverse action is sufficiently adverse, "the fact that an employee continues to be undeterred in his or her pursuit of a remedy [] may shed light as to whether the actions are sufficiently material and adverse to be actionable." *Burgos v. Napolitano*, 330 F. App'x 187, 190 (11th Cir. 2009) (per curiam) (quoting *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1214 (10th Cir. 2008)) (holding that employer's action was not a "materially adverse" one based in part on the fact that "the evidence shows that [the plaintiff] was not deterred in reinstating her EEOC claim").

Here, McAnally's paycheck was delayed for one or two days. He admits that there was an error in his timesheet that needed to be corrected. A short delay of a day or two in receiving a paycheck due to an admitted error is not objectively materially adverse. Moreover, the fact that Plaintiff continued to prosecute his FLSA case against Defendants demonstrates that he, in fact, was not dissuaded from asserting his rights by APC's delay in processing his paycheck. *See Burgos*, 330 F. App'x at 191; *Smith v. Haynes & Haynes, P.C.* 2017 WL 3613045, at *8 (N.D. Ala. Aug. 22, 2017) (suspension of plaintiff's lawyer not adverse action where plaintiff "continued to prosecute" after suspension), *aff'd*, 940 F.3d 635.

Additionally, the fact that McAnally admits there was an error on his timesheet has implications for the third element of his prima facie case. The admitted error is undisputed evidence indicating that there was a non-retaliatory reason for the delay of receipt of his paycheck.

Because McAnally has not presented Rule 56 evidence in support of each of the elements of his FLSA retaliation claim, Defendants are entitled to summary judgment on that claim.

10

C.     **Hoffman's Breach of Contract Claim[4]**

The entire breach of contract count reads as follows:

59. The Defendants and the Plaintiffs and similarly situated employees had a contract for the Defendant to pay the Plaintiffs an hourly rate for work.

60. The Defendants breached its contract with the Plaintiffs by failing to pay the Plaintiffs for all of the time the Plaintiffs worked for the Defendant.

(Doc. # 52 at 8). Clearly these sparse allegations fail to state a claim. The allegations are entirely conclusory. They are supported by absolutely no facts.

To state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Plaintiffs pled nothing other than the elements of the breach of contract claim and no facts. Thus, the claim does not suffice under *Iqbal* and *Twombly*.

---

[4] District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all other claims, including state-law claims, that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "*may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367(c)(3) (emphasis added). Among the factors a district court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity. *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352–53 (11th Cir.1997). The court employs its discretion to exercise jurisdiction over this claim due to the length of time this case has been pending in this court and the court's familiarity with the facts and claims in this case. It simply would not serve judicial economy or convenience to require another court to familiarize itself with the facts of this case.

Plaintiffs very briefly addresses this claim in response to Defendant's Motion for Summary Judgment as follows:

> Donnie Hoffman's breach of contract and separate FLSA claims for his final week of work were not briefed by the Defendants. However, at a minimum, there is a factual dispute where Hoffman claims he worked all night for 12 hours without pay on one occasion and also claims he was not paid for his last week of work.

(Doc. # 158 at 5-6). This, too, does not suffice.

"'The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.'" *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)). Here, Plaintiffs have neither identified a valid contract, nor pointed the court to any Rule 56 evidence showing the existence of a contract. Therefore, even if the breach of contract clam did state a claim (which it does not), Defendants are entitled to summary judgment on the claim due to a failure of proof.

**IV.   Conclusion**

The undisputed facts establish that some of APC's plumbers dispensed with traveling to the APC shop before work and commuting to the jobsites in the company trucks. Therefore, that commute in the company truck and those preliminary and post-liminary tasks are not an indispensable part of their principal activities. Because the tasks for which Plaintiffs seek compensation are not integral *and* indispensable, Plaintiffs' FLSA overtime claim necessarily fails and Defendants are entitled to summary judgment as a matter of law. Defendants are also entitled to summary judgment on the McAnally's FLSA retaliation claim and Hoffman's breach of contract claim.

A separate order will be entered.

**DONE** and **ORDERED** this February 17, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE